# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BOBBY D. STARR,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 12-0059** (BOR Appeal No. 2046214)
(Claim No. 2011024400)

**MOUNTAINEER GAS COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bobby D. Starr, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mountaineer Gas Company, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 9, 2011, decision denying Mr. Starr's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Starr worked as a general utility worker for Mountaineer Gas Company. He alleges that he injured himself on January 4, 2011, while breaking, setting apart, and replacing an HP regulator. Mr. Starr testified that he did not immediately have an onset of pain nor did he initially know the cause of his injury. On January 7, 2011, and January 9, 2011, Williamson Memorial Hospital's records stated there was no known injury. On January 12, 2011, Dr. Hanif's report noted that Mr. Starr denied having any trauma, falls, a work-related injury, or a motor vehicle accident. On February 2, 2011, Dr. Ahmed opined on the Report of Injury of record that Mr. Starr had neuropathy as a direct result of an occupational injury.

1

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Starr did not sustain an occupational injury on January 4, 2011. Mr. Starr disagrees and asserts that he gave sufficient notice that he sustained an occupational injury to his employer on January 29, 2011, and further asserted that Dr. Ahmed, on the Report of Injury of record, clearly expressed that this injury was work-related.

The Office of Judges concluded that the preponderance of the evidence supports a finding that it is more likely than not that the claimant did not suffer an occupational injury on January 4, 2011. The preponderance of the evidence supports a finding that Mr. Starr did not timely report the injury, because it was not reported until January 26, 2011. The emergency room report and the medical report from the Neurology and Spine Headache Center dated January 12, 2011, noted that Mr. Starr denied any trauma, falls, work-related injury, or motor vehicle accident, and therefore, support the finding that a work-related injury did not occur. Mr. Starr's symptoms suddenly appeared, and he completed an application for non-injury disability for extended absence on January 10, 2011. The only evidence supporting a work-related injury occurred is Mr. Starr's testimony and Dr. Ahmed's opinion as stated on the Report of Injury of record. The Office of Judges held that the claim was not compensable. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2